## O. W. Payne, Appellee, v. Corn Products Refining Company, Appellant.

VERDICTS—*when not disturbed.* A verdict not manifestly against the weight of the evidence will not be set aside on review in the absence of errors of law.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

THOMAS STALLINGS, for appellant; JOHN A. BLOOM-INGSTON, of counsel.

D. J. SULLIVAN and J. M. BANDY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This action was brought by appellee to recover damages for injuries sustained while in the employ of appellant. The declaration is in two counts by which it is alleged, in substance, that appellant, a manufacturing company, employed appellee as carpenter and mill-wright for service in and about its plant; that appellee was inexperienced with machinery and appliances used in the plant; that his foreman called him from his usual duties and negligently ordered him to assist in cleaning out a certain conveyor-box and repair the conveyor which, when in motion, was operated by a belt and pulleys connecting with the power-shaft; that the belt was torn and frazzled with strings or strips coated with glucose hanging therefrom, and liable to attach to the conveyor-shaft, causing it to revolve; that when appellee was ordered to clean the conveyor-box the conveyor was not in motion, the belt having been slipped from the conveyor-pulley, but left on the power-pulley and around the conveyor-shaft which it looped; that by reason of its defective con-

dition, and the glucose coating, the hanging strips from the running belt became attached to the conveyor-shaft and gave it a sudden turn while appellee was in the box, causing his injury. The first count is predicated upon a negligent order, and the second, upon negligence in not providing a safe place to work. It is alleged that the appellant knew or should have known the defective condition of the belt, and that appellee did not know it, and that appellee was in the exercise of due care and caution for his own safety.

The general issue was filed and the case tried by a jury which returned a verdict for the plaintiff, assessing damages at $1,262.25. The defendant moved for a new trial, which was denied and judgment on the verdict rendered. An appeal was prayed, allowed and perfected to this court.

Appellant was engaged in the manufacture of food products and had in use an appliance, called a conveyor, which, when in operation, is a horizontal revolving shaft, encircled by a worm flange, in a box or trough, and conveys pulp or materials from the presses which empty into the encasing box. The box is eighteen inches deep and fourteen inches wide. The conveyor in question, called a press conveyor, was in sections fourteen feet long, coupled at the ends by a gudgeon. The pulp was carried through the press conveyor to a cross-conveyor, and through the cross-conveyor to the drier. The press-conveyor extended east and west and was operated by a belt and pulley on the conveyor-shaft at the east end, connecting with a pulley on the power-shaft above. On the day of appellee's injury a section coupling of the conveyor-shaft had been broken and it became necessary to remove the broken section. To do this it was necessary, first, to clean out the box and remove the pulp or material which had gathered and clogged under the conveyor-shaft. J. A. Johnson, the foreman, directed appellee and two other workmen to remove the defective section and clean out the

conveyor-box. The easterly section, to which was attached the pulley, extended under one of the presses and could not be lifted out so that, to remove the clogged material under the shaft, the men used their hands. The east end of this section was held in place by the pulley-block and could not be raised. By means of a rope, looped over the gudgeon, one of the men raised the west end while another man with his hands raked out the material underneath. Appellee worked on the opposite side of the press, and between it and the cross-conveyor, near the end of the shaft. He was on his knees in the conveyor-box, with head under the press reaching with his hands to pull out and throw back the material. While the men were at work, as stated, the belt was off the conveyor-pulley, hanging loosely around the conveyor-shaft, but was still running on the moving power-pulley above. The belt was eight inches wide, made of hemp and rubber-coated. Glucose had been used to prevent it slipping. It was worn, torn and frazzled, with strings and fragments four to six inches in length hanging from it. While appellee was in position and at work as stated, the press-conveyor shaft suddenly turned partly around, caught his hand and leg causing the injury complained of. No one saw the belt attach to the conveyor-shaft and cause it to turn as alleged in the declaration. Two witnesses for appellant—the men at work with appellee—testify that they were looking directly at the shaft when the accident occurred, and that it did not turn. Other circumstances in evidence, however, support appellee's theory and declaration, that the torn fragments of the moving belt became attached to the conveyor-shaft and started it. There is evidence that the belt was on the power-pulley, that fragments of belt covered with glucose were found wrapped around the conveyor-shaft after the accident, and that appellee was six or seven feet from the cross-conveyor, the only other suggested possible means by which the injury could have occurred. Besides, there is no evi-

dence that the cross-conveyor was running at the time. Johnson, who was at the time foreman, testified, that he had frequently called his superiors' attention to the defective condition of the belt, and complained of the application of glucose in its use. There is sharp conflict of evidence on material issues, but after a careful examination of the record and consideration of the arguments of counsel, we cannot say that the verdict is against the manifest preponderance of the evidence.

Complaint is made of one of appellee's given instructions in failing to hold the appellee to the exercise of reasonable care in discovering the peril to which he was exposed. Though the instruction may be subject to criticism, we do not think it was calculated to influence the jury to appellant's prejudice, and therefore that it was not reversible error to give it. The judgment will be affirmed.

*Affirmed.*